**PAMELA AMUSEMENT CO., Inc.,**
**Plaintiff, Appellant,**

v.

**SCOTT JEWELRY COMPANY et al.,**
**Defendants, Appellees.**

**No. 5716.**

United States Court of Appeals
First Circuit.

Heard Nov. 1, 1960.
Decided Dec. 21, 1960.

Alfred Sigel, Boston, Mass., with whom Clarence P. Kudisch, Boston, Mass., was on brief, for appellant.

Lawrence R. Cohen, Boston, Mass., with whom James R. DeGiacomo, Boston, Mass., was on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered for defendants after trial before the court sitting without a jury.

Plaintiff, Pamela Amusement Co., Inc., is the assignee of a ground lease of a building located in Stamford, Connecticut. This building contains a motion picture theatre and several stores and offices. The instant litigation involves a purported lease of one of the stores.

Defendant Matthew J. Brown on August 28, 1956 executed in New York a document that purports to be a lease of the store by Rena Realty Corporation, the then owner of the premises, to Scott Jewelry Company of Stamford, Connecticut. Brown signed this lease: "Scott Jewelry Company By Matthew J. Brown (L. S.) Its Treasurer." In the lease Scott Jewelry Company of Stamford is described as "a corporation organized and existing under the laws of the State of Connecticut, located and doing business in the City of Stamford, County of Fairfield, and State of Connecticut, acting herein by Matthew Brown, its Treasurer hereunto duly authorized. * * * "

Endorsed on the lease is a purported guarantee by "Scott Jewelry Company, a corporation having an office for the transaction of business located in Manchester, New Hampshire," (hereinafter referred to as Scott Jewelry Company of Manchester) that "its subsidiary," Scott Jewelry Company of Stamford will perform the covenants and agreements on its part under the lease.

Rena Realty Corporation on September 19, 1956 concluded negotiations with Harry Brandt by executing a lease to him of the entire building for a period of 15 years. This lease was subject to the mentioned existing leases of portions of the building, one of which was the lease of the store to Scott Jewelry Company. Brandt subsequently assigned the ground lease to plaintiff corporation of which he is the principal stockholder.

Plaintiff brought a complaint (1) against Brown alleging the execution by Brown of the lease on behalf of a non-existent corporation and also alleging the falsity of the representations as to Scott Jewelry Company of Stamford and plaintiff's reliance on these representations and (2) against Scott Jewelry Company of Manchester on the guarantee.

The district court found *inter alia* that: (1) Brown did not have authority to execute the guarantee on behalf of Scott Jewelry Company of Manchester and that, therefore, the corporation was not liable on the guarantee; (2) it was not the intention of Brown and Strong, acting on behalf of Rena Realty Corporation, to have Brown become personally liable on the lease Brown signed on behalf of Scott Jewelry Company of Stamford, which was known by the parties to be non-existent; (3) Brown was not liable on any theory of warranty of authority in regard to the guarantee since Brown expressly informed Strong that he did not know whether he had authority to make a guarantee and that he had not been given such authority expressly; (4) there was no evidence that plaintiff relied on any misrepresentation contained in the documents. We believe that these findings of the district court, which are not clearly erroneous, are a sufficient basis on which to affirm the judgment of the district court.

Plaintiff contends that the district court erred: (1) in admitting evidence of a contemporaneous oral agreement to vary the terms of the lease; (2) in its finding that Brown was not authorized to execute the guarantee on behalf of Scott Jewelry Company of Manchester; (3) in its finding that Brown was not personally liable on the lease; (4) in not

finding Brown liable on the guarantee on the theory of breach of warranty of authority; (5) in not finding that Brown and Scott Jewelry Company of Manchester are liable on the lease under the theory of estoppel by deed; (6) in its finding that no showing was made that Brandt relied on any misrepresentation in the lease and guarantee.

Although the district court did make a finding that there was an oral understanding as to the conditions under which the lease would go into effect, it did not base its conclusion of nonliability of the defendants on this finding. It becomes unnecessary, therefore, for us to treat plaintiff's contention in regard to the parol evidence rule.

■ We do not believe that the district court's finding that Brown was not authorized, actually or apparently, to execute the guarantee in behalf of Scott Jewelry Company of Manchester is clearly erroneous. Consequently the district court's conclusion that defendant corporation is not liable on the guarantee must be affirmed.

■ Plaintiff argues that the district court misinterpreted and misapplied the rules of agency as embodied in Restatement of Agency (2d) § 326 [1] in regard to the liability of a person purportedly acting on behalf of a principal who is known by the parties not to exist. We have examined the district court's opinion and we believe that the court weighed the evidence of the circumstances in which the lease was executed to determine the intent of the parties to the lease and the court's conclusion that it was intended that Brown should not be personally liable on the lease is not clearly erroneous.[2]

■ In regard to plaintiff's other contentions of error we believe that they are without merit, since the district court's finding that there was no evidence of reliance by Brandt on any misrepresentation in the document is not clearly erroneous. Plaintiff points to various parts of the depositions of Strong and his attorney in regard to circumstances of the execution of the lease to Brandt in order to show that Brandt relied on the misrepresentations in the documents. However, the record indicates that counsel for plaintiff introduced these depositions for rebuttal of Brown's testimony in regard to the execution by Brown of the lease and guarantee.[3] Since these depositions were offered only in regard to the lease of the store and not the subsequent lease to Brandt of the entire building they cannot be relied on in this appeal in an at-

1. Restatement of Agency (2d) § 326. "Unless otherwise agreed, a person who, in dealing with another, purports to act as agent for a principal whom both know to be nonexistent or wholly incompetent, becomes a party to such a contract. Comment: a. * * * If the understanding of the parties is that, at all events, the one purporting to act as agent is not to be a party, he is not subject to liability either upon the contract or otherwise, unless he has been guilty of some misstatement in the transaction. On the other hand, there is an inference that a person intends to make a present contract with an existing person. If, therefore, the other party knows that there is no principal capable of entering into such a contract, there is a rebuttable inference that, although the contract is nominally in the name of the nonexistent person, the parties intend that the person signing as agent should be a party, unless there is some indication to the contrary. * * * "

2. We regard the district court's statement that "there is nothing to show that there was any intent to have Brown become personally liable on the lease" as merely a part of its reasoning as to the intent of the parties. From a reading of the entire treatment by the district court, 190 F.Supp. 465 of the question of Brown's individual liability on the lease, we are of the opinion that the district court did not reverse the presumption made under the Restatement of Agency (2d) § 326.

3. [Counsel for plaintiff]: "Now I would like to introduce the deposition of Mr. Popkin and Mr. Strong."
[Counsel for defendants]: "Well, is this for rebuttal?"
[Counsel for plaintiff]: "Yes."
[Counsel for defendants]: "All right, solely for the purposes of rebuttal, your Honor."
[Counsel for plaintiff]: "For contradictions."

tempt to show that the district court's finding as to the lack of a showing of reliance by Brandt was erroneous.

Judgment will be entered affirming the judgment of the district court.